IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CATHERINE MARIE HOPKINS )
) No. 15-440
v.

CAROLYN W. COLVIN

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for disability benefits under Title II of the Social Security Act, and supplemental social security income under Title XVI of the Act, alleging disability due to physical and mental impairments. Plaintiff's claim was denied initially, and upon hearing before an administrative law judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's

1

findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. THE PARTIES' MOTIONS

Plaintiff contends that the ALJ relied on outdated assessments that failed to consider developments in her condition; and that he erred in failing to give controlling weight to the opinions of treating or examining medical sources, as opposed to those of the non-examining source. She also asserts that the ALJ erred in considering her low back and shoulder problems, and that the hypothetical question to the vocational expert ("VE") did not include the limitations opined to by the treating and examining sources.

Each of these contentions focuses on the ALJ's approach to three medical sources of record: Dr. Rings, a non-examining consultant; Dr. Last, Plaintiff's treating psychiatrist; and Dr. Groves, an examining consultant. In determining that Dr. Rings' opinion was entitled to great weight, the ALJ observed that progress notes from both treating and examining sources were

2

consistent with Dr. Rings' opinion. The ALJ considered Dr. Last's check-the-box opinion that Plaintiff had a seriously limited capacity to perform most unskilled work criteria and would miss more than four days of work per month due to psychological symptoms. The ALJ placed little weight on this opinion, as inconsistent with the GAF assigned by Dr. Last; she also stated, <u>inter alia</u>, that Dr. Last's progress notes revealed a trend of improving symptoms and generally normal mental status examinations. As regards Dr. Groves, the ALJ accepted the moderate limitations, and rejected the marked limitations, to which Dr. Groves opined. The ALJ explained that the marked limitations were inconsistent with the Plaintiff's own pertinent testimony.

Plaintiff contends that the ALJ should not have placed great weight on Dr. Rings' June 11, 2012 opinion, because it did not account for Dr. Last's later records or report. In particular, Plaintiff complains that Dr. Rings did not consider Dr. Last's March 18, 2013 medical source statement, which contained his opinion regarding Plaintiff's various limitations. An ALJ may rely on a medical source opinion that did not have access to the entire medical record, so long as the ALJ accounts for any subsequent evidence. <u>Shipman v. Colvin</u>, 2015 U.S. Dist. LEXIS 129806, at *23 (D.S.C. Sept. 28, 2015). "The fact that the state agency physician did not have access to the entire evidentiary record — because the record was incomplete at the time of the assessment — is inconsequential [if] the ALJ considered the entire evidentiary record and substantial evidence supports his determination." <u>Thacker v. Astrue</u>, 2011 U.S. Dist. LEXIS 152844, at *19 (W.D.N.C. Nov. 28, 2011). Here, the ALJ both accounted for and explicitly discussed Dr. Last's 2013 report, and she also explained that Dr. Rings' opinion was consistent with other evidence of record regarding Plaintiff's mental health.[1]

---

[1] I note, too, that Plaintiff does not point to any material notations contained in Dr. Last's treatment notes between the time of Dr. Rings' opinion and Dr. Last's 2013 medical source statement.

3

Plaintiff also challenges the ALJ's failure to give controlling weight to the opinion of Dr. Last, or greater weight to examiner Dr. Groves. It is true that a treating physician's opinion is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence…." 20 CFR § 404.1527. It is also true that generally speaking, greater weight is accorded to the opinions of examining sources than to those of non-examining sources. Nonetheless, an ALJ may accept some parts of the medical evidence and reject other parts, so long as he considers all of the evidence and gives some reason for discounting the evidence he rejects. Wilson v. Colvin, 2014 U.S. Dist. LEXIS 136974, at **5-6 (W.D. Pa. Sept. 29, 2014). Thus, if record evidence contradicts a treating physician's opinion, the ALJ is not required to give it controlling weight. See Russo v. Astrue, 421 Fed. Appx. 184, 191 (3d Cir. 2011).

The ALJ discharges his duty to address the treating physician opinions in the record if he explains why he finds extreme limitations inconsistent with and not well supported by substantial evidence in the record. Baker v. Comm'r of Soc. Sec., 2014 U.S. Dist. LEXIS 42769, at *11 (W.D. Pa. Mar. 31, 2014). As mentioned supra, I cannot re-weigh evidence; instead, I am confined to review of the record support for the ALJ's conclusions. Machen v. Colvin, 2013 U.S. Dist. LEXIS 86514, at *15 (W.D. Pa. June 20, 2013). Here, contrary to Plaintiff's suggestion, the ALJ explained her reasons for rejecting Dr. Last's medical source statement, and for partially accepting the opinion of Dr. Groves.[2] I find no error in this regard. Moreover, because the ALJ did not err in her consideration of the medical testimony, she likewise did not err in failing to include rejected impairments in her hypothetical to the VE.

---

[2] "It is not error for an ALJ to consider and assign weight to a GAF score that has been assigned by a medical or non-medical source." Cooke v. Comm'r of Soc. Sec., 2015 U.S. Dist. LEXIS 119915 (N.D. Ohio June 15, 2015).

4

Finally, Plaintiff contends that the ALJ erred in failing to consider Plaintiff's low back and shoulder pain as "severe." As Defendant notes, the determination of whether Plaintiff suffers a severe impairment is akin to a threshold screening procedure. "So long as the ALJ rules in Plaintiff's favor by finding that any single impairment meets the severity threshold required at step two, any error the ALJ made in this determination was harmless." <u>Auriemma v. Colvin</u>, 2015 U.S. Dist. LEXIS 115282, at *14 (D.N.J. Aug. 31, 2015). Thus, remand would not be justified even had the ALJ erred.

## CONCLUSION

In sum, Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

## ORDER

AND NOW, this 12th day of November, 2015, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court